Martin, J.
delivered the opinion of the court. The plaintiff’s agent in New-York, shipped a number of copper sugar kettles, in the brig Thaddeus, which, according to his directions were put on deck. During the voyage, the kettles were necessarily thrown overboard for the safety of the brig. He brought the present action against the owners of the brig and the cargo, in order to obtain their contribution to his loss.—The court below gave judgment for the defendants and he appealed.
The claim of the plaintiff is resisted on the ground that his goods not being under deck, constituted no part of the cargo of the brig: for in all cases of jettison, where contribution is expected, the goods thrown overboard must have been stored under deck, and no contribution *583 can be expected for those put on deck. Stevens on Average 14, 59, 1. Caines 43, 3 Johnson’s cases in error 178.
East’n. District.
Jan. 1817.
The plaintiff admits this principle, as part of the law of England and of the state of New-York: but he alleges that the law is otherwise in Spain, in Portugal and in New-Orleans—and that, as it was in New-Orleans that the kettles were to be delivered, and the contract to be consummated, the plaintiff’s right must be tested by the laws of New-Orleans. To show what the law of Spain is in this particular, he relies on Partida 5, which establishes the general principle that in cases of jettison, the part of the cargo saved must contribute to indemnify the owners of the part jettisoned.
This is the principle which regulates cases of jettison in all commercial countries: but the defendants shew that in the state of New-York, if not every where, an exception is made thereto, and that goods on deck, are not considered as part of the cargo, so as to be contributed for, in case it becomes necessary to throw them overboard dpring the voyage. This exception is recognised in England, and authors of that nation find it in the laws and ordinances of foreign nations. It is there recognized as part of the law *584 merchant, not as resulting from any positive instition of the country, nor a local usage. In the United States, as the greatest part of the trade is carried on with that nation, courts of justice are apt to look for a correct interpretation of the law merchant in British books, tho’ they do not disregard authorities from other countries.
The contract which took place between the parties was entered into in New-York. It was there that it was to begin and actually began to be executed—part of it was to be executed on the high seas, and part of it was to be executed in Louisiana. The parties to the contract were all subjects of the state of New-York, the laws therefore of that state ought alone to regulate the contract, and define the rights arising thereout, until the moment that the law of another country becomes the lex loci.
If the master of the brig refused or neglected to receive goods which he had contracted to carry to New-Orleans—if he was guilty of any latches in fitting out the brig for sea—if, after receiving goods, in his boats, they sustained any injury by the fault of his men—or were stolen before the brig left the port—if the merchant who contracted to furnish the load, refused or neglected to deliver it—the laws of New-York, could afford the only criterion to the court called *585 upon to decide between the parties, because both the contract and the cause of action arose in New-York. No other law can be resorted to, because no other law is the lex loci, either of the contract or of the cause of action. Here the cause of action, the fact which is alleged to have given rise to the obligation to contribute, arose at sea. Still the law of New-York is to afford the rule, because the contract was made in New-York—the law of Louisiana is neither the lex loci of the contract, nor of the fact, which is alleged as a cause of action.
If a man engaged to do or give something in any other place, than that of the contract, and the thing contracted for be either not given or done at all, or given or done in any manner other than that stipulated for, the law of the place where the thing was stipulated to be given or done is the lex loci of the fact, which gives rise to the obligation and must therefore regulate the rights and duties of the parties.
Here, the contract consists of several parts or obligations. On the part of the shipper, he is to furnish the goods to be shipped—on the receipt Of them he is to pay, the freight. The master is to receive the goods—carry them across the sea—deliver them at the place of destination: in the mean while, he is to take due care of the *586 goods—if they arrive at the port of destination, then every act to be performed there is to be regulated by the law of the place. If there be several places of delivery, the law of those several places respectively, while the vessel is there, must regulate the rights of the parties.
Duncan for the plaintiff, Porter and Depeyster for the defendants.
It does net appear to this court, that there is any error in the judgment, it is therefore ordered, adjudged and decreed, that it be affirmed at the costs of the plaintiff and appellant.